UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B&G TOWING LLC, et al,

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.

Case No. 19-10853
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Plaintiffs are towing companies and their owners. They allege that the City of Detroit terminated the parties' business relationships without reason and without due process. Plaintiffs bring two claims under the Michigan Constitution, eight breach-of-contract claims, and several unjust enrichment claims. Plaintiffs also allege a First Amendment claim under the U.S. Constitution as well as a claim involving disclosure of wiretap information under 18 U.S.C. § 2520.

Although the action was filed in state court, the City of Detroit removed the case to federal court because of the federal claims. (ECF No. 1.)

But the vast majority of Plaintiffs' claims are under state law. The Court's jurisdiction over these claims is pursuant to 28 U.S.C. § 1367. And when a court has supplemental jurisdiction over a state-law claim pursuant to § 1367, it also has the discretion to not exercise that jurisdiction. *Aldini v. Kroger Co. of Michigan*, 628 F. App'x 347, 352 (6th Cir. 2015) ("District courts have broad discretion to exercise supplemental jurisdiction, and their decision depends on judicial economy, convenience, fairness, and comity." (internal quotation marks omitted)). Courts may

decline to exercise supplemental jurisdiction if the state-law claims predominate over the federal claims. 28 U.S.C. § 1367(c). And here, the crux of Plaintiffs' complaint is the termination of their business relationships with the City and the way those decisions were made. The state-law constitutional, contract, and unjust-enrichment claims capture that dispute. The First Amendment and 18 U.S.C. § 2520 claims are ancillary to that core dispute. Moreover, the claim involving wiretap information does not arise out of the same transaction or occurrence as the breach of contract and due process claims and the First Amendment claim will involve discrete elements and facts. Thus, the Court also declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims in order to avoid jury confusion. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

Accordingly, the Court declines to exercise supplemental jurisdiction over Counts I, II, VI–XV. It is thus ORDERED that Counts I, II, VI–XV are REMANDED to the Third Judicial Circuit of Michigan (Wayne County). It is further ORDERED that Count V is REMANDED insofar as it is pertains to the state-law claims.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 29, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon counsel of record on March 29, 2019, using the ECF system.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson